**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARCIA BROWN and**<br>**JAMES WILLIAMS,**<br>            **Plaintiffs,** | **CIVIL ACTION** |
| **v.** | |
| **OFFICER LIAM MCELWEE,**<br>**OFFICER BRIAN EVANS,**<br>**OFFICER J. KEITH,**<br>**OFFICER CUDDHY,**<br>**OFFICER STEVEN ZIVIELLO,**<br>**UNKNOWN POLICE OFFICERS,**<br>**ALDAN BOROUGH, and**<br>**DARBY BOROUGH,**<br>            **Defendants.** | **NO.  12-3547** |

**DuBois, J.**                                                **November 6, 2013**

**M E M O R A N D U M**

## I.      INTRODUCTION

        This is a civil-rights case arising under 42 U.S.C. § 1983 in which plaintiffs, Marcia

Brown and James Williams, claim that defendants both violated their constitutional rights under

the Fourth Amendment to the U.S. Constitution and committed torts under Pennsylvania law.

Two motions are presently before the Court.  The first is a motion to dismiss filed by Aldan

Borough and one of its police officers, Steven Ziviello;[1] the second is a motion for partial

dismissal and to strike filed by Darby Borough and four of its police officers, Liam McElwee,

Brian Evans, J. Keith, and Cuddhy.

---

[1] The Court will identify Aldan Borough and Steven Ziviello as the "Aldan defendants," when
referring to them collectively.

## II.    BACKGROUND

### A. Factual Background[2]

Plaintiffs, James Williams and Marcia Brown, who are husband and wife, live at 205 North Front Street, Darby, Pennsylvania.  2d Am. Compl. ¶ 9.  At 5:45 a.m. on June 24, 2010, Officers Ziviello, McElwee, Evans, Keith, and Cuddhy, along with other unnamed officers, arrived at plaintiffs' residence.  *Id.*  As Williams exited the residence, "defendant officers pointed their weapons at him, ordered him to get on the ground, handcuffed him," and told him that "if he didn't get his son Malik to turn himself in," the officers were going to keep coming to his home "till [they] g[ot] him."  *Id.* ¶¶ 10, 16.

With Williams still handcuffed and without a search warrant, officers and police dogs entered plaintiffs' home and began "searching their entire house."  *Id.* ¶¶ 10-11.  Upon reaching Brown's bedroom, the officers yelled "open the fucking door" and pushed the door open.  *Id.* ¶¶ 12-13.  The officers then pointed their guns at Brown, who was lying on the bed, and demanded that she "get out of her fucking bed."  *Id.*  Ignoring Brown's pleas that she recently had surgery on her knee, the officers "threw her onto the ground," handcuffed her, and dragged her down the home's stairwell.  *Id.* ¶¶ 14-15.  Because of defendants' actions, Brown sustained physical injury, including further damage to her knee.  *Id.*

### B. Procedural Background

On June 22, 2012, plaintiffs filed a Complaint in this Court, naming as defendants (1) Darby Borough; (2) the Darby Borough Police Department; (3) Darby Police Officers Brian Pitts, Julius Quartapella, and Michael Miller; and (4) other "Unknown Police Officers."  On July 17, 2012, all defendants, represented by the same counsel, moved for partial dismissal of the

---

[2] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiffs' Second Amended Complaint to be true.

Complaint.  By order dated August 14, 2012, the Court denied as moot defendants' Motion for

Partial Dismissal in light of the fact that plaintiffs had filed an Amended Complaint on August

13, 2012.  Plaintiffs' Amended Complaint named the same defendants as did their initial

Complaint, with the exception of the Darby Borough Police Department, which was not named

in the Amended Complaint.

On June 10, 2013, counsel for plaintiffs and counsel for defendants Pitts, Quartapella,

Miller, and Darby Borough filed a stipulation, stating "that the Plaintiffs w[ould] be permitted to

file within thirty (30) days . . . an Amended Complaint in [the] civil action, adding as parties

Defendants Officer Liam McElwee, Officer Brian Evans, Officer J. Keith, Officer Cuddhy,

Officer Steven Ziviello and Aldan Borough."  June 10, 2013 Stipulation.  The parties further

stipulated "that Officer Brian Pitts, Julius Quartapell and Michael Miller [would] be dismissed

from th[e] matter, and . . . that all parties added as Defendants . . . [would] have the right to raise

all available defenses including the statute of limitations."  *Id.*

On June 11, 2013, plaintiffs filed a Second Amended Complaint pursuant to the June 10,

2013 stipulation.  The Second Amended Complaint contains five counts.  Count I asserts a claim

against McElwee, Evans, Keith, Cuddhy, and Ziviello for violations of plaintiffs' Fourth

Amendment rights to be secure in their persons.  Counts II and III assert claims against

McElwee, Evans, Keith, Cuddhy, and Ziviello under 18 U.S.C. § 1983 for violating plaintiffs'

rights to equal protection of the laws and to the Fourth Amendment protections against excessive

force, false arrest, false imprisonment, and malicious prosecution.  Count IV asserts a claim

against Darby Borough and Aldan Borough for failing to discipline, train, or otherwise sanction

police officers who violate citizens' constitutional rights.  Finally, Count V alleges state-law

claims against McElwee, Evans, Keith, Cuddhy, and Ziviello for assault, battery, false detention,

3

false arrest, and intentional infliction of emotional distress.

Presently before the Court are two motions: (1) Defendants, Officer Steven Ziviello and Aldan Borough's Motion to Dismiss Plaintiffs' Second Amended Complaint; and (2) Motion for Partial Dismissal Under Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) of Defendants, Liam McElwee, Brian Evans, J. Keith, Officer Cuddhy and Darby Borough.

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In *Twombly*, the Supreme Court used a "two-pronged approach," which it later formalized in *Iqbal*. *Iqbal*, 556 U.S. at 679; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Under this approach, a district court identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at

4

555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded.  *Iqbal*, 556 U.S. at 679.  The court then assesses "the 'nub' of the plaintiffs' complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief.  *Id.*

## IV.    DISCUSSION

### A.  Plaintiffs' Claims Against McElwee, Evans, Keith, and Cuddhy

When construed liberally, plaintiffs' Second Amended Complaint raises ten claims against McElwee, Evans, Keith, and Cuddhy: (1) violations of the Fourth Amendment's protection against the use of excessive force; (2) violations of the Fourth Amendment's protection against false arrest; (3)  violations of the Fourth Amendment's protection against false imprisonment; (4) violations of the Fourth Amendment's protection against malicious prosecution; (5) equal-protection violations; (6) assault; (7) battery; (8) false detention; (9) false arrest; and (10) intentional infliction of emotional distress.

McElwee, Evans, Keith, and Cuddhy seek dismissal of plaintiffs' Fourth Amendment claims in Count I, § 1983 malicious-prosecution claim included in Count II, equal-protection claim included in Count III, and state-law constitutional claims in Count V.  They also include in their Motion to Dismiss a Motion to Strike all allegations in Count III other than the equal-protection claim.

#### a.  Claims Brought Under the U.S. Constitution (Count I)

In Count I of the Second Amended Complaint, plaintiffs purport to bring a direct cause of action under the U.S. Constitution.  There is no authority for any such claims because § 1983 provides an adequate, alternative remedial scheme for plaintiffs' alleged constitutional violations.  *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (noting that

when available, a remedy under § 1983 is the exclusive remedy for alleged constitutional

violations); *Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000).

Because direct constitutional claims are precluded, plaintiffs' claims in Count I must be

dismissed.

 b.   Malicious-Prosecution Claim Brought Under 18 U.S.C. § 1983 (Count II)

In Count II, plaintiffs bring four claims based on alleged violations of their Fourth

Amendment rights under the U.S. Constitution: (1) excessive force, (2) false arrest, (3) false

imprisonment, and (4) malicious prosecution.  Of these four claims, McElwee, Evans, Keith, and

Cuddhy seek to dismiss only plaintiffs' malicious-prosecution claim.

To state a claim for malicious prosecution under § 1983, a plaintiff must allege:

(1)     the defendants initiated a criminal proceeding;
(2)     the criminal proceeding ended in the plaintiff's favor;
(3)     the proceeding was initiated without probable cause;
(4)     the defendants acted maliciously or for a purpose other than bringing the
          plaintiff to justice; and
(5)     the plaintiff suffered a deprivation of liberty consistent with the concept of
          seizure as a consequence of a legal proceeding.

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (quoting *Estate of Smith v.*

*Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).  Plaintiffs assert that they have plead sufficient

facts to establish all five of the above elements.  McElwee, Evans, Keith, and Cuddhy argue,

however, that plaintiffs have not established that defendants initiated a criminal proceeding.

Plaintiffs have not stated a claim for malicious prosecution.  They were arrested without a

warrant and do not allege any other facts in support of this claim.  As a matter of law, a

plaintiff's warrantless arrest cannot serve as the sole basis for a malicious-prosecution claim.

*Dellums v. Powell*, 566 F.2d 167, 192 (D.C. Cir. 1977); *Menke v. Baker*, No. 10-cv-2585, 2012

WL 2339825 (D.N.J. June 19, 2012), *reconsideration denied*, No. 10-cv-2585, 2012 WL

3146876 (D.N.J. Aug. 1, 2012); *Torres v. McLaughlin*, No. 96-cv-5865, 1996 WL 680274 (E.D. Pa. Nov. 21, 1996). Thus, the part of plaintiffs' Second Amended Complaint asserting a malicious-prosecution claim is dismissed.

### c.   Additional Claims Brought Under 18 U.S.C. § 1983 (Count III)

In Count III, plaintiffs allege that defendants McElwee, Evans, Keith, and Cuddhy "deprived [them] of their rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the right to be secure in their person, to be free from unlawful seizures, arrests and the excessive use of force, and to be afforded equal protection under the laws." Pls.' 2d Am. Cmpl. ¶ 24.

McElwee, Evans, Keith, and Cuddhy first seek dismissal of plaintiffs' equal-protection claim. The Court agrees that plaintiffs have failed to state an equal-protection claim. Not only is the Fourth Amendment an improper vehicle to bring such a claim,[3] but the Second Amended Complaint does not contain a factual allegation that defendants treated plaintiffs differently than others similarly situated. Thus, plaintiffs' equal-protection claim is dismissed.

Finally, McElwee, Evans, Keith, and Cuddhy ask the Court to strike the remainder of Count III on the ground that, aside from alleging an equal-protection claim, Count III merely asserts the same excessive-force, false-arrest, and false-imprisonment claims as those alleged in Count II. Plaintiffs fail to respond to this argument or offer any explanation as how Counts II and III differ. Accordingly, under Federal Rule of Civil Procedure 12(f), the Court strikes the remaining part of Count III. Fed. R. Civ. P. 12(f). ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

---

[3] *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional basis for objecting to intentionally discriminatory application of the laws is the Equal Protection Clause, not the Fourth Amendment.").

      d.  <u>Claims Brought Under State Law (Count V)</u>

In Count V, plaintiffs seek damages for assault, battery, false detention, false arrest, and intentional infliction of emotional distress.  Defendants McElwee, Evans, Keith, and Cuddhy move to dismiss Count V to the extent plaintiffs bring these claims under the Pennsylvania Constitution rather than Pennsylvania tort law.

It is unclear to the Court whether plaintiffs intend to bring the claims alleged in Count V directly under the Pennsylvania Constitution.[4]  Defendants are correct, however, that "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011); *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("[N]either Pennsylvania statutory authority nor appellate case law has authorized the award of money damages for violation of the Pennsylvania Constitution.").  Because plaintiffs cannot bring these state-law claims under the Pennsylvania Constitution, the Court will construe Count V as asserting tort-law claims, and, as such, Count V will not be dismissed.

**B.  Plaintiffs' Claims Against the Aldan Defendants**

Plaintiffs' Second Amended Complaint asserts the same ten claims against defendant Ziviello as against defendants McElwee, Evans, Keith, and Cuddhy.  Ziviello moves to dismiss

---

[4] Some of the Second Amended Complaint's language suggests that plaintiffs may have intended to bring state constitutional, rather than tort, claims. *See* 2d Am. Compl. ¶ 7 ("The Court has supplemental jurisdiction under <u>28 U.S.C. § 1367</u> over plaintiffs' claims arising under State law, including but not limited to *violations of their State Constitutional rights* against defendants for, false arrest, assault, battery, and intentional and negligent infliction of emotional distress . . . ." (second emphasis added)); *id.* ¶ 33 ("As a direct and proximate result of the defendants' conduct, plaintiffs suffered physical pain and suffering in the past and future, severe mental anguish in the past and future and were *deprived of their State and Federal Constitutional Rights* . . . ." (emphasis added)).

these claims on the ground that (1) plaintiffs cannot bring claims directly under the U.S. Constitution and (2) plaintiffs' other claims against him are time-barred.  With respect to Aldan Borough, plaintiffs bring a single *Monell* claim.  Aldan Borough moves to dismiss this claim on the ground that it is time-barred.

a.   <u>Claims Brought Under the U.S. Constitution (Count I)</u>

In Count I, plaintiffs bring claims against Ziviello directly under the U.S. Constitution. The Court dismisses the claims in Count I against Ziviello for the same reason as it dismissed the identical claims brought against defendants McElwee, Evans, Keith, and Cuddhy.

b.   <u>Claims Brought Under 18 U.S.C. § 1983 (Counts II, III, and IV) and State Tort Law (V)</u>

The Aldan defendants argues that plaintiffs remaining § 1983 and Pennsylvania tort-law claims[5] against them are time-barred.  Although Federal Rule of Civil Procedure 8(c)'s "language . . . indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

A two-year statute of limitations applies to each of plaintiffs' § 1983 and state-law claims.  *See Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (applying Pennsylvania's two-year statute of limitations for personal-injury claims to § 1983 claims); 42 Pa. C.S.A. § 5524 (stating that a two-year statute of limitations applies for "assault, battery, false imprisonment, false arrest," and "[a]ny other action or proceeding to recover

---

[5] The Court construes the state-law claims brought against defendant Ziviello as brought under Pennsylvania tort law rather than directly under the Pennsylvania Constitution.

9

damages for injury to a person or property which is founded on negligent, intentional, or otherwise tortious conduct"); *Vaughan v. Pathmark Stores, Inc.*, No. 99-cv-0018, 1999 WL 299576, at *3 (E.D. Pa. May 10, 1999) ("Under Pennsylvania law, the statute of limitations for . . . intentional infliction of emotional distress is two years from the date of accrual.").

   Plaintiffs' claims accrued on June 24, 2010, which is the date on which defendants allegedly assaulted them. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (holding that § 1983 claims for false arrest and false imprisonment accrued on the night of the plaintiff's arrest); *see also LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) ("Claims for false arrest and assault (which would include [plaintiff's] excessive-force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."). Thus, plaintiffs had two years from June 24, 2010 to bring their claims. While plaintiffs' initial Complaint was timely filed on June 22, 2012, plaintiffs did not join the Aldan defendants in the case until June 11, 2013, well past the expiration of the statute of limitations. Accordingly, plaintiffs' claims against the Aldan defendants are time-barred unless they relate back to plaintiffs' initial filing.

   Plaintiffs' claims against the Aldan Defendants may relate back to the initial Complaint if all three requirements of Federal Rule of Civil Procedure 15(c)(3) are satisfied: (1) the claim against the newly named defendants arose "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading"; (2) the newly named defendants "received such notice of the institution of the action" within 120 days of initial complaint, so that they "will not be prejudiced in maintaining a defense on the merits"; and (3) the newly named defendants knew, or should have knew, within the 120-day period, that "but for [plaintiffs'] mistake" concerning their identities, "the action would have been brought against" them in the first place.

*Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001). Because the Aldan defendants argue that they had no notice of the lawsuit within 120 days of plaintiffs' filing of their initial Complaint, the second and third requirements are at issue.

Plaintiffs argue that the Court should impute constructive notice of the initial Complaint to Aldan Borough because Aldan and Darby Borough police officers shared an office the night of the alleged incident. Pl.'s Answer to Defs.' Mot. at 8. A shared office, however, is not one of the "two possible methods" through which notice may be imputed under Rule 15(c)(3): (1) the "shared attorney" method and (2) the "identity of interest" method. *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003). First, to have an identity of interest, "the parties [must be] so closely related in business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Id.* at 227. The Court concludes that sharing an office is insufficient. Second, the shared-attorney method of imputing notice does not apply because the Aldan and Darby defendants do not and did not share a lawyer. *Id.* at 223 (explaining that the shared-attorney method is only applicable when representation is joint during the 120-day period following the filing of the complaint).

Similarly, plaintiffs' claims against Ziviello do not relate back to the filing of the initial Complaint. Although plaintiffs named "Unknown Police Officers" in their initial Complaint, under prevailing case law, "an amendment of a complaint substituting a John Doe defendant with the names of the actual officers does not relate back to the filing of the original complaint." Fed. Jud. Ctr., *Section 1983 Litigation* (2d ed. 2008) (citing cases); *see also Anderson v. City of Philadelphia*, 65 Fed. App'x 800, 802 (3d Cir. 2003) ("The district court correctly concluded that [the statute of limitations] could not be extended by naming the 'John Doe' set forth in the complaint.").

Because the requirements of Rule 15(c) are not met with respect to the two Aldan defendants, plaintiffs' claims against Aldan Borough and Ziviello do not relate back to the date on which plaintiffs filed their initial Complaint.  The Aldan defendants' motion to dismiss is therefore granted.  Plaintiffs' claims against the Aldan defendants are dismissed.

### A.  Plaintiffs' *Monell* Claim Against Darby Borough (Count IV)

Plaintiffs bring a single claim against Darby Borough.  In Count IV, plaintiffs allege that under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Darby Borough should be held liable for failing to train, supervise, and discipline its police officers, ultimately leading to violations of plaintiffs' constitutional rights.  Darby Borough moves to dismiss Count V on the ground that plaintiffs' allegations are legal conclusions devoid of underlying factual support.

A plaintiff may establish a § 1983 claim against a municipality by showing (1) the existence of a custom or policy of the municipality and (2) that the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy.  *Id.* at 694.  A § 1983 failure-to-train claim may be brought where the failure amounts to "deliberate indifference to the [constitutional] rights of the person with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  This failure must reflect a deliberate or conscious choice.  *Id.* at 390.  In addition, "a § 1983 plaintiff pressing a claim of this kind must identify a failure to provide specific training that has a causal nexus with his or her injury." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1030 (3d Cir. 1991).

The Court agrees that paragraphs 25-29 of plaintiffs' Second Amended Complaint simply paraphrase the language of *Monell*.  Plaintiffs do little more than formulaically recite the elements of a *Monell* claim in stating that "Darby Borough and its police departments were on actual notice of a need to train, supervise, discipline or terminate its defendant officers prior to

the incident question as other incidents have occurred in the past involving [defendant] officers," *id.* ¶ 29, and that Darby Borough and its police departments failed to take such necessary action, *id.* at ¶ 26.  These allegations are insufficient, under *Twombly*, to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555 ("[F]ormulaic recitation of the elements of a cause of action will not do.").

Accordingly, because plaintiffs do not allege the existence of a municipal policy or government custom causally linked to a constitutional injury, plaintiffs' only claim against Darby Borough is dismissed.

### B. Plaintiffs Will Not Be Granted Leave to Amend the Second Amended Complaint

The decision to grant or deny leave to amend is committed to the sound discretion of the Court.  *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990).  In this case, plaintiffs are not granted leave to file a third amended complaint on the ground that any such amendment would be futile. In determining that it would be futile, the Court has considered plaintiffs' "repeated failure to cure deficiencies" in the Complaint in this action.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962).  Plaintiffs filed their initial Complaint well over one year ago on June 22, 2012.  Since then, plaintiffs have amended their Complaint not once, but twice.  The Court finds that plaintiffs have "had ample opportunity to craft a sufficiently pled complaint."  *In re Cybershop.com Sec. Litig.*, 189 F. Supp. 2d 214, 236 (D.N.J. 2002).  The Court's rulings are therefore with prejudice.

## V.   CONCLUSION

The Aldan Defendants Motion to Dismiss is granted.  The claims against Ziviello brought directly under the U.S. Constitution are dismissed on the ground that there is no authority for such claims.  Plaintiffs' remaining claims against the Aldan defendants are dismissed as time-barred.

The Court grants defendants Aldan Borough, McElwee, Evans, Keith, and Cuddhy's Motion to Dismiss and to Strike as to the following: (1) Count I, (2) the malicious-prosecution claim in Count II, (3) the equal-protection claim in Count III, and (4) Count IV.  The Court also strikes the remaining part of Count III on the ground that it is duplicative of the claims asserted in Count II.  Finally, the Court will construe the state-law claims alleged in Count V as brought under Pennsylvania tort law rather than the Pennsylvania Constitution.

Plaintiffs will not be given leave to file a third amended complaint on the ground that they already have filed two amended complaints, and further amendment would be futile.  Thus, the Court's rulings are with prejudice.

The claims that remain for adjudication in this case are as follows: (1) plaintiffs' § 1983 claims for violations of the Fourth Amendment protections against the use of excessive force, false arrest, and false imprisonment, against Officers Liam McElwee, Brian Evans, J. Keith, and Cuddhy; and (2) plaintiffs' state-law tort claims of assault, battery, false detention, false arrest, and intentional infliction of emotional distress, against Officers Liam McElwee, Brian Evans, J. Keith, and Cuddhy.

An appropriate order follows.